(24 Misc. Rep. 310.)

In re PUNNETT CYCLE MFG. CO.

(Supreme Court, Special Term, Monroe County. May, 1898.)

1. CORPORATIONS—RECEIVERS—AUTHORITY TO CONDUCT BUSINESS.
   Under authority of the court to carry on the business of the corporation, and operate its plant, and make up and dispose of the goods made by it, and to purchase materials therefor, and enter into such contracts as shall be necessary therefor, so long as he can do the same at a profit, and until the further order of the court, the receiver of a manufacturing corporation has no power to enter into a contract binding himself to manufacture and deliver a certain quantity of goods within a specified time.

2. CONTRACTS—MUTUALITY—RECEIVERS.
   Where a receiver entered into a contract which he had no authority to make, it was void for want of mutuality, and hence he could not recover damages for its breach.

On motion to confirm a referee's report disallowing a claim of the Shipman Manufacturing Company against the receiver of the Punnett Cycle Manufacturing Company. Confirmed.

The Shipman Manufacturing Company, as the assignee of the receiver of the Shipman Engine Manufacturing Company, excepted to the disallowance by the referee of a claim for prospective profits, as damages for the breach of an alleged agreement of the cycle company to take certain goods ordered by that company of the receiver of the Shipman Engine Manufacturing Company while the receiver was engaged in carrying on the business of the company under an order of the court. The Punnett Cycle Manufacturing Company ordered of the receiver of the Shipman Engine Manufacturing Company 2,500 sets of bicycle parts, only a portion of which had been made and delivered by the receiver when the cycle company failed and went into the hands of a receiver, against whom a claim of payment for goods made and delivered and partly made up, and also a claim for loss of profits upon goods ordered but not manufactured, was made. The referee allowed the claim for damages for goods made and partly made up, but disallowed the damages claimed for profits which would have been made upon the goods ordered but not manufactured.

J. Breck Perkins, for receiver of Punnett Cycle Co.
G. M. W. Bills, for Shipman Mfg. Co.

NASH, J. The finding of the referee upon the claim of the Shipman Manufacturing Company should be confirmed,—not, as it seems to me, because the claim for future profits in favor of the receiver of the Shipman Engine Manufacturing Company was not assignable, but because the proposal of the receiver, and its acceptance by the

Punnett Cycle Manufacturing Company, did not constitute a contract so far obligatory upon the parties as to entitle the receiver to recover damages for loss of future profits upon goods not manufactured. The receiver of the Shipman Engine Manufacturing Company had limited authority to contract for the sale and delivery of goods during the term of his receivership, which was indefinite, and might be terminated at any time by order of the court. The receiver, as such, had authority given him by order of the court as follows:

"To carry on the business of the Shipman Engine Manufacturing Company, and operate its manufacturing plant, and make up and dispose of the goods and articles made by said corporation, and such goods and articles as he can manufacture with its plant at a profit, for such period of time as to him seems beneficial to the creditors and stockholders of said corporation, or until further order of this court, and to employ men, purchase materials, and pay the necessary expenses of the operation of said plant and the manufacture of said goods and merchandise, and enter into such contracts as shall be necessary therefor, so long as he can do the same at a profit, and shall seem for the best interest of the creditors and stockholders of said corporation, or until the further order of this court."

The receiver could not, without an order expressly authorizing him so to do, enter into a contract binding himself, as receiver, to make and deliver in the future a certain quantity of goods within a definitely specified time, so as to subject the estate or his receivership to damages in case of his inability to perform; nor could the cycle company, unless the receiver had such authority granted by the court, enter into such a contract, which would, in case of a breach by the receiver, entitle it to damages for nonperformance. A receiver's powers are limited to the authority expressly conferred, of which all persons dealing with him must take notice. The receiver here was authorized simply to make up and dispose of such goods and articles as he could manufacture with the plant at a profit for such period of time as to him seemed beneficial to the creditors and stockholders of the corporation, and enter into such contracts as should be necessary therefor so long as he could do the same at a profit, and as he should deem for the best interest of the creditors and stockholders, or until the further order of the court. The power of the receiver was limited to the manufacture of goods for such period of time only as the same should be profitable; and any contract made by him for the sale and delivery of goods was, by the terms of the order granting authority to make and sell goods, subject to this limitation. If at any time it should become unprofitable, he was required to cease manufacture, or he could have been required to stop. He could not, by any contract for the making and delivery of goods in the future, subject the property in his hands to the risks and vicissitudes of trade. The fact that he did make a contract which he could have fully performed at a profit does not affect the question as to his power to contract. He was authorized to carry on the other branches of business in which the Shipman Engine Manufacturing Company had been engaged, and of which it had made a failure. The result might have been the same had he engaged in unlimited manufacture of goods. There was not that mutuality of contract between the cycle manufacturing company and the receiver which

would entitle the latter to recover damages for the loss of future profits.

The report of the referee should be confirmed as to all the claimants, without costs.